**Tammy PERRIN, Minor Child by Her Mother and Next Friend, Freda Perrin and Beverly Perrin and Linwood Perrin and Freda A. Perrin and Reginald Perrin and Freda B. Perrin**

v.

**Joseph A. CALIFANO, Jr., Secretary, Health, Education and Welfare.**

**Civ. No. K–78–1576.**

United States District Court, D. Maryland.

July 16, 1979.

Dennis M. Sweeney, Baltimore Legal Aid Bureau, Inc., and John J. Capowski and Margaret M. Rasey, The Legal Services Clinic, Baltimore, Md., for plaintiffs.

Russell T. Baker, Jr., U. S. Atty., and Gale E. Rasin, Asst. U. S. Atty., Baltimore, Md., Randolph W. Gaines and Lillie Price, Social Security Div., Dept. of H. E. W., Baltimore, Md., for defendant.

---

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

In this case, the lawful wife and the legitimate children of Linwood Perrin, deceased, were determined by the Social Security Administration to be entitled to mother's and children's insurance benefits under the Social Security Act. Thereafter, additional claims were made by Elizabeth Buckson on behalf of her child, Linwood Buckson, as the alleged illegitimate child of Linwood Perrin, and by Helen Jones on behalf of Alfonso Jones alleged by Helen Jones to be the illegitimate son of the deceased, Linwood Perrin. Under applicable law, illegitimate children are entitled to share equally with legitimate children provided that they meet one of several statutory tests. The applicable such test in this case is that set forth in 42 U.S.C. § 416(h)(2)(A). That last-mentioned section provides that if the child is one, whom the courts of the state in which the insured deceased individual, in this case, Linwood Perrin, was domiciled at the time of his death, would recognize as a child on an equal basis with other legitimate children of the deceased for purposes of "determining the devolution of intestate personal property," then such illegitimate child shall be treated on an equal basis, for purposes of the Social Security children's benefits, with the legitimate children of the deceased. Under applicable Social Security law, if illegitimate children, such as the Jones child and the Buckson child, are recognized on an equal basis with the Perrin children, then the benefits of the Perrin children are proportionately decreased.

The Perrins do not contest the status of the Jones child and agree that the Jones child should be treated on the same basis as each of the Perrin children. The Perrin children do contest the status of the Buckson child and indicated their opposition when the Perrins were notified by letter from the Social Security Administration that a claim of the Buckson child had been filed and had been deemed appropriate by the Social Security Administration as establishing the entitlement of that child on an equal footing with the entitlement of the Perrin children. After receiving that letter, the Perrins asked for an administrative hearing which they were entitled to receive and did receive.

At that hearing, at which counsel for the Perrins and counsel for the Bucksons were present, the Administrative Law Judge placed upon the Perrins the burden of proving that the Buckson child was not a child entitled to benefits under the Social Security law. Pursuant to Maryland law, namely, Md.Ann.Code *Estates and Trusts Art.* § 1–208(b)(3), a child shall be considered as a child of his father only if, *inter alia*, the father "has openly and notoriously recognized the child to be his child." At the hearing, the birth certificate of Linwood Buckson and statements ascribed to the mother of Linwood Perrin, deceased, a friend of Linwood Perrin, deceased, and a babysitter for the Buckson child, were admitted into evidence over the objections of counsel for the Perrins. Those objections were based upon the hearsay status of the three statements attributed to the above three-mentioned persons and to lack of proof, insofar as the birth certificate was concerned, that the birth certificate was the birth certificate of the Linwood Buckson whose claim is involved in this case.

There was considerable discussion among the Administrative Law Judge and counsel during the hearing with regard to the burden of proof point and also with regard to the hearsay objection. In the end, the Administrative Law Judge made it crystal clear to counsel for the Perrins that he was willing to exercise the discretionary authority of himself as the Administrative Law Judge and to subpoena the mother of Linwood Perrin, deceased, the friend of Linwood Perrin and the babysitter, and to continue the hearing thereafter. Counsel for the Perrins declined the opportunity so offered to him and suggested that if he proceeded with the hearing in the context of the burden of proof being mistakenly placed upon him, the result might be that even if on review this Court agreed with him with regard to his burden of proof

point, the administrative record might contain so much evidence against the Perrins' opposition to the Buckson claim that any burden of proof allocation error would merely be harmless error.

The Administrative Law Judge, following the hearing, held that the Buckson child was entitled to be treated on an equal basis with the Perrin children and the Jones child and in so doing commented with regard to the burden of proof point. His comments in that regard seem to reveal a somewhat different position than he took during the hearing, though this Court is not clear in that regard. The result of the Administrative Law Judge's determination is that certain benefits of the Perrin children will be reduced for the future whether or not the Perrins are required to reimburse the Government with regard to any past period—a question left open by the Administrative Law Judge and not involved in this case at this time. Following the Administrative Law Judge's determination, the Perrins appealed to the Appeals Council which affirmed the determination of the Administrative Law Judge. Thereafter, an appeal to this Court followed.

In this Court, the Perrins originally contended that the Administrative Law Judge erroneously admitted hearsay evidence, that the Administrative Law Judge erroneously placed the burden upon the Perrins of proving that Linwood Buckson was not the child of Linwood Perrin, deceased, and not entitled to the benefits involved, and that, in any event, the record does not contain substantial evidence to permit a holding, under the Maryland statute, of the open and notorious recognition by Linwood Perrin, deceased, of Linwood Buckson as his child.

During oral argument in this Court, counsel for the Perrins agreed that, pursuant to well established principles which govern administrative hearings, including Social Security administrative hearings, and including those set forth in 5 U.S.C. § 556(d), no evidence was erroneously admitted by the Administrative Law Judge. However, counsel for the Perrins continue to argue that the record does not contain substantial

evidence in the light of Maryland case law construing the Maryland statutory provisions referred to *supra* and that, moreover, the placing of the burden of proof upon the Perrins, as indicated above, requires at the very least a remand. In opposition, government counsel, while conceding that the burden of both going forward and of proving by a preponderance of the evidence that the Buckson child was not entitled to benefits had indeed been placed upon the Perrins by the Administrative Law Judge, such allocation of the burden of proof was not erroneous. Additionally, government counsel contended that there was substantial evidence to sustain a holding of open and notorious recognition and also that even if there had been an error with regard to allocation of the burden of proof, the refusal of counsel for the Perrins during the administrative hearing to avail himself of the opportunity to have the Administrative Law Judge subpoena the mother and the friend of Linwood Perrin, deceased, and the babysitter of the Buckson child, constituted a waiver of such right, if any, to have such witnesses testify or to object to a lack of sufficient, substantial evidence on the grounds of lack of testimony by those persons.

Whether counsel for the Perrins should be held to have waived the right to assert the burden of proof and related issues in this Court, because he did not go forward fully when offered the opportunity initially, poses an issue which has not been briefed by counsel on either side and which this Court is not ready to decide at this time without further briefing. The issue would require such briefing even if private litigants were involved. In a case in which the public in effect is a third party, there are additional overtones which need to be recognized in connection with that issue.

In light of the above, on balance, it would appear preferable for this Court to remand the within case for further proceedings before the Administrative Law Judge. Government counsel has stated that the Government believes it is entitled to an affirmance in this Court but does not vigorously oppose a remand under appropriate

conditions. Counsel for the Perrins take the position that the Perrins are entitled to an outright reversal because the record does not permit a determination of open and notorious recognition. However, counsel for the Perrins have stated that the Perrins would not oppose a remand under appropriate conditions.

After colloquy among Court and counsel on both sides, the following conditions with regard to remand have been agreed upon.

(1) During the administrative hearing on remand, all evidence which was admitted by the Administrative Law Judge during the prior administrative hearing will be admitted and will not be objected to by the Perrins.

(2) Prior to the hearing on remand, counsel for the Perrins, the Buckson child and/or the Jones child may timely request the Administrative Law Judge to exercise his discretionary authority to subpoena any witnesses whose testimony can reasonably be expected to be material and relevant with regard to the subject matter of this controversy, including the mother and friend of Linwood Perrin, deceased, and the babysitter for the Buckson child. Counsel for the Government has stated that she has little doubt but that the Administrative Law Judge will exercise his discretionary authority to subpoena such witnesses upon the timely request of counsel for the Perrins. This Court also entertains no doubt in that regard and, accordingly, at this time refrains from determining whether, as a matter of due process, the Administrative Law Judge would be required so to subpoena such witnesses if so requested by counsel for any of the parties.

(3) Counsel for the Perrins will have the right to ask the Administrative Law Judge to require counsel for the Bucksons, or the Administrative Law Judge himself, to examine the witnesses who have knowledge of the alleged parentage of the Buckson child by Linwood Perrin, deceased, before counsel for the Perrins examines or cross-examines such witnesses. However, counsel for the Perrins agree that the Administrative Law Judge may make his own determinations with regard to who should proceed first, i. e., counsel for the Bucksons, counsel for the Perrins, or the Administrative Law Judge, to examine or cross-examine any witnesses.

(4) Counsel for the Perrins will have the opportunity to argue to the Administrative Law Judge, at such time or times as the latter shall select, that whatever evidence is submitted in the administrative hearing on remand does not permit a determination of open and notorious recognition.

(5) Counsel for the Bucksons will have the opportunity fully to be heard and to present evidence at the hearing on an equal footing with counsel for the Perrins. The Buckson child, each of the Perrins, and the Jones child, are claimants to a limited fund. Each of them must establish his entitlement to his share of that fund. But the Buckson child has no right to require that each or all of the Perrins or the Jones child disprove the Buckson child's entitlement to his claim any more than the Perrins or the Jones child have a right to require the Bucksons to disprove their respective claims. The status of the Perrin children and the status of the Jones child and their respective entitlements are not in question. The only issue is whether the Buckson child is entitled to be treated on an equal basis with each of the Perrin children and the Jones child.

(6) To the extent that anyone representing the Jones child, including his mother, desires to be heard at the hearing, such person should be afforded equal status with those speaking on behalf of each of the Perrins and the Buckson child.

(7) The administrative hearing shall be held as promptly as possible. and in any event within ninety days, unless this Court grants a further extension. While this case should proceed on remand as promptly as possible, this Court is cognizant of the fact that administrative law judges who conduct proceedings involving Social Security claims have very heavy calendars.

\*    \*    \*    \*    \*    \*

The within case is remanded for further proceedings in accordance with this Memo-

randum and Order. The Clerk is directed to send copies of this Memorandum and Order to counsel of record and to Alan Katzen, Esq., who was counsel for the Buckson child during the administrative hearing.* Counsel for the Government is asked to make certain that a copy of this Memorandum and Order is sent to Mrs. Jones.

---

* Nothing in this Memorandum and Order is intended to suggest that any party to the administrative hearing, on remand, may not represent himself if he so desires.